**PARIS ACKERMAN & SCHMIERER LLP**
Ross H. Schmierer, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-6667
ross@paslawfirm.com

**KAZEROUNI LAW GROUP, APC**
Abbas Kazerounian, Esq.
*(Pro Hac Vice Pending)*
245 Fischer Avenue, Unit D1
Costa Mesa, CA 92626
Telephone: (800) 400-6808
Facsimile: (800) 520-5523
ak@kazlg.com

[Additional counsel for Plaintiff listed on last page]

*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW JERSEY**

| | |
|---|---|
| TOM FORSTIK, Individually and on Behalf of All Others Similarly Situated,<br><br>            Plaintiffs,<br>v.<br><br>NAVIENT SOLUTIONS, INC. a/k/a SALLIE MAE, INC.,<br><br>            Defendant. | Case No.:<br><br><br><br>**COMPLAINT AND JURY DEMAND – CLASS ACTION SEEKING INJUNCTION AND INDIVIDUAL DAMAGES** |

**INTRODUCTION**

1.  Tom Forstik ("Plaintiff") bring this Class Action Complaint for damages, injunctive relief, and any other available legal or equitable remedies, resulting from the illegal actions of Navient Solutions Inc. a/k/a Sallie Mae, Inc. ("Defendant"), in negligently and/or willfully contacting Plaintiff on Plaintiff's cellular telephone, in violation of the Telephone Consumer Protection Act, 47 U.S.C. § 227 *et seq.*, ("TCPA"), thereby invading Plaintiff's

1

privacy. Plaintiff alleges as follows upon personal knowledge as to himself and his own acts and experiences, and, as to all other matters, upon information and belief, including investigation conducted by his attorneys.

2. The TCPA was designed to prevent calls and text messages like the ones described herein, and to protect the privacy of citizens like Plaintiff. "Voluminous consumer complaints about abuses of telephone technology – for example, computerized calls dispatched to private homes – prompted Congress to pass the TCPA." *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740, 744 (2012).

3. In enacting the TCPA, Congress intended to give consumers a choice as to how corporate similar entities may contact them, and made specific findings that "[t]echnologies that might allow consumers to avoid receiving such calls are not universally available, are costly, are unlikely to be enforced, or place an inordinate burden on the consumer. TCPA, Pub. L. No. 102–243, § 11. In support of this, Congress found that

> [b]anning such automated or prerecorded telephone calls to the home, except when the receiving party consents to receiving the call or when such calls are necessary in an emergency situation affecting the health and safety of the consumer, is the only effective means of protecting telephone consumers from this nuisance and privacy invasion.

*Id.* at § 12; *see also Martin v. Leading Edge Recovery Solutions, LLC*, No. 11-C-5886, 2012 WL 3292838, at *4 (N.D. Ill. Aug. 10, 2012) (citing congressional findings on TCPA's purpose).

4. Congress also specifically found that "the evidence presented to the Congress indicates that automated or prerecorded calls are a nuisance and an invasion of privacy, regardless of the type of call…." TCPA, Pub. L. No. 102–243, §§ 12-13; *see also Mims*, 132 S. Ct. at 744.

5. As Judge Easterbrook of the Seventh Circuit recently explained in a TCPA case

regarding calls to a non-debtor similar to this one:

> The Telephone Consumer Protection Act . . . is well known for its provisions limiting junk-fax transmissions. A less-litigated part of the Act curtails the use of automated dialers and prerecorded messages to cell phones, whose subscribers often are billed by the minute as soon as the call is answered—and routing a call to voicemail counts as answering the call. An automated call to a landline phone can be an annoyance; an automated call to a cell phone adds expense to annoyance.

*Soppet v. Enhanced Recovery Co., LLC*, 679 F.3d 637, 638 (7th Cir. 2012).

## JURISDICTION AND VENUE

6. This Court has federal question jurisdiction because this case arises out of violations of federal law. 47 U.S.C. §227(b); *Mims v. Arrow Fin. Servs., LLC*, 132 S. Ct. 740 (2012).

7. Venue is proper in the United States District Court for the District of New Jersey pursuant to 18 U.S.C. §§ 1391(b) and 1441(a) because Defendant is subject to personal jurisdiction in the State of New Jersey, as Defendant regularly conduct business throughout the State of New Jersey, and Plaintiff resides within the State of New Jersey.

## PARTIES

8. Plaintiff is, and at all times mentioned herein was, a citizen and resident of the State of New Jersey. Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

9. Plaintiff is informed and believes, and thereon alleges, that Defendant is, and at all times mentioned herein was, a corporation whose corporate headquarters is in Reston Virginia. Defendant, is and at all times mentioned herein was, a corporation and is a "person," as defined by 47 U.S.C. § 153(39). Plaintiff alleges that at all times relevant herein Defendant conducted business in the State of New Jersey and within this judicial district.

**FACTUAL ALLEGATIONS**

10. Beginning in or around the fall of 2013, Defendant began to utilize Plaintiff's cellular telephone number, ending in 3046, to place virtually daily incessant calls to Plaintiff pertaining to an alleged debt owed by his son.

11. Plaintiff was not a borrower, co-signor, or in any other way affiliated with his son's alleged loan with Defendant.

12. Plaintiff never provided Defendant with his cellular telephone number.

13. During this time, Defendant placed calls on a daily basis, often placing numerous calls a day.

14. The calls Defendant placed to Plaintiff's cellular telephone were placed via an "automatic telephone dialing system" ("ATDS"), as defined by 47 U.S.C. § 227(a)(1) as prohibited by 47 U.S.C. § 227(b)(1)(A).

15. This ATDS has the capacity to store or produce telephone numbers to be dialed, using a random or sequential number generator.

16. The telephone number that Defendant, or its agents, called was assigned to a cellular telephone service for which Plaintiff incurs a charge for incoming calls pursuant to 47 U.S.C. § 227(b)(1).

17. These telephone calls constituted calls that were not for emergency purposes as defined by 47 U.S.C. § 227(b)(1)(A).

18. Plaintiff has never provided any personal information, including their cellular telephone number, to Defendant for any purpose. As such, neither Defendant nor its agents were provided with prior express consent to place calls via its ATDS to Plaintiff's cellular telephone, pursuant to 47 U.S.C. § 227(b)(1)(A).

19. These telephone calls by Defendant, or its agents, violated 47 U.S.C. § 227(b)(1).

## CLASS ACTION ALLEGATIONS

20. Plaintiff brings this action on behalf of himself and on behalf of and all others similarly situated ("the Class").

21. Plaintiff represents, and is a member of, the Class, consisting of all persons within the United States who received any telephone call/s from Defendant or its agent/s and/or employee/s to said person's cellular telephone made through the use of any automatic telephone dialing system within the four years prior to the filing of the Complaint.

22. Defendant and its employees or agents are excluded from the Class. Plaintiff does not know the number of members in the Class, but believes the Class members number in the thousands, if not more. Thus, this matter should be certified as a Class action to assist in the expeditious litigation of this matter.

23. Plaintiff and members of the Class were harmed by the acts of Defendant in at least the following ways: Defendant, either directly or through its agents, illegally contacted Plaintiff and the Class members via their cellular telephones, thereby causing Plaintiff and the Class members to incur certain cellular telephone charges or reduce cellular telephone time for which Plaintiff and the Class members previously paid, and invading the privacy of said Plaintiff and the Class members. Plaintiff and the Class members were damaged thereby.

24. This suit seeks only damages and injunctive relief for recovery of economic injury on behalf of the Class, and it expressly is not intended to request any recovery for personal injury and claims related thereto. Plaintiff reserves the right to expand the Class definition to seek recovery on behalf of additional persons as warranted as facts are learned in further investigation and discovery.

25. The joinder of the Class members is impractical and the disposition of their claims in the Class action will provide substantial benefits both to the parties and to the court. The Class can be identified through Defendant's records or Defendant's agents' records.

26. There is a well-defined community of interest in the questions of law and fact involved affecting the parties to be represented. The questions of law and fact to the Class predominate over questions which may affect individual Class members, including the following:

a. Whether, within the four years prior to the filing of this Complaint, Defendant or its agents placed any calls to the Class (other than a call made for emergency purposes or made with the prior express consent of the called party) to a Class member using any automatic dialing system to any telephone number assigned to a cellular phone service;

b. Whether Plaintiff and the Class members were damaged thereby, and the extent of damages for such violation; and

c. Whether Defendant and its agents should be enjoined from engaging in such conduct in the future.

27. As persons that received numerous calls from Defendant via an automated telephone dialing system, Plaintiff is asserting claims that are typical of the Class. Plaintiff will fairly and adequately represent and protect the interests of the Class in that Plaintiff has no interests antagonistic to any member of the Class.

28. Plaintiff and the members of the Class have all suffered irreparable harm as a result of the Defendant's unlawful and wrongful conduct. Absent a class action, the Class will continue to face the potential for irreparable harm. In addition, these violations of law will be allowed to proceed without remedy and Defendant will likely continue such illegal conduct.

Because of the size of the individual Class member's claims, few, if any, Class members could afford to seek legal redress for the wrongs complained of herein.

29. Plaintiff has retained counsel experienced in handling class action claims and claims involving violations of the TCPA.

30. A class action is a superior method for the fair and efficient adjudication of this controversy. Class-wide damages are essential to induce Defendant to comply with federal law. The interest of Class members in individually controlling the prosecution of separate claims against Defendant is small because the maximum statutory damages in an individual action for violation of privacy are minimal. Management of these claims is likely to present significantly fewer difficulties than those presented in many class claims.

31. Defendant has acted on grounds generally applicable to the Class, thereby making appropriate final injunctive relief and corresponding declaratory relief with respect to the Class as a whole.

**FIRST CAUSE OF ACTION**
**NEGLIGENT VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT**
**47 U.S.C. § 227 *ET SEQ.***

32. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

33. The foregoing acts and omissions of Defendant constitute numerous and multiple negligent violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

34. As a result of Defendant's negligent violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B).

35. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

**WHEREFORE,** Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

(a) $500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

(b) Injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Any other relief the Court may deem just and proper.

## SECOND CAUSE OF ACTION
## KNOWING AND/OR WILLFUL VIOLATIONS OF THE TELEPHONE CONSUMER PROTECTION ACT
## 47 U.S.C. § 227 *ET SEQ.*

36. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

37. The foregoing acts and omissions of Defendant constitute numerous and multiple knowing and/or willful violations of the TCPA, including but not limited to each and every one of the above-cited provisions of 47 U.S.C. § 227 *et seq.*

38. As a result of Defendant's knowing and/or willful violations of 47 U.S.C. § 227 *et seq.*, Plaintiff and the Class are entitled to an award of $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(C).

39. Plaintiff and the Class are also entitled to and seek injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A).

**WHEREFORE,** Plaintiff respectfully requests the Court grant Plaintiff and the Class members the following relief against Defendant:

(a) $1,500.00 in statutory damages for each and every violation, pursuant to 47 U.S.C. § 227(b)(3)(B);

(b) Injunctive relief prohibiting such conduct in the future, pursuant to 47 U.S.C. § 227(b)(3)(A); and

(c) Any other relief the Court may deem just and proper.

## JURY DEMAND

Pursuant to Rule 38 of the Federal Rules of Civil Procedure and the Seventh Amendment to the Constitution of the United States of America, Plaintiff is entitled to and demands a trial by jury.

                                    **PARIS ACKERMAN & SCHMIERER LLP**
                                    *Attorneys for Plaintiffs*

                         By:    s/ Ross H. Schmierer
                                   Ross H. Schmierer, Esq.
                                   David S. Paris, Esq.
                                   Bryan H. Mintz, Esq.
                                   103 Eisenhower Parkway
                                   Roseland, New Jersey 07068
                                   (973) 228-6667
Dated: May 30, 2014             ross@paslawfirm.com

## **CERTIFICATION PURSUANT TO L. CIV. R. 11.2**

I certify that, to the best of my knowledge, this matter is not the subject of any other action pending in any court or of any pending arbitration or administrative proceeding.

                                         **PARIS ACKERMAN & SCHMIERER LLP**
*Attorneys for Plaintiffs*

By:   s/ Ross H. Schmierer
Ross H. Schmierer, Esq.
David S. Paris, Esq.
Bryan H. Mintz, Esq.
103 Eisenhower Parkway
Roseland, New Jersey 07068
(973) 228-6667
Dated: May 30, 2014      ross@paslawfirm.com

ADDITIONAL COUNSEL FOR PLAINTIFF

**LAW OFFICES OF TODD M. FRIEDMAN, P.C.**
Todd M. Friedman, Esq. (CA SBN: 216752)
*(Pro Hac Vice Pending)*
tfriedman@attorneysforconsumers.com
369 S. Doheny Dr., #415
Beverly Hills, CA 90211
Telephone: (877) 206-4741
Facsimile: (866) 633-0228

**HYDE & SWIGART**
Joshua B. Swigart, Esq. (CA SBN: 225557)
*(Pro Hac Vice Pending)*
josh@westcoastlitigation.com
Jessica R. K. Dorman, Esq. (CA SBN: 279919)
*(Pro Hac Vice Pending)*
Jessica@westcoastlitigation.com
2221 Camino Del Rio South, Suite 101
San Diego, CA 92108-3551
Telephone: (619) 233-7770
Facsimile: (619) 297-1022